1

2

3

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

4

5

6

7

8

9

10

11

| | |
|---|---|
| Kevin Meagher and Rebecca Dawson on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>                          Plaintiffs<br><br>v.<br><br>KTC Holding Company f/k/a The Kingdom Trust Company,<br><br><br>                          Defendant | Case No. 2:24-cv-01630-CDS-MDC<br><br>**Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement** |

12    The court held a hearing on the plaintiffs' Unopposed Motion for Preliminary Approval of

13  Class Action Settlement (ECF No. 29) (the "Motion"), the Settlement Agreement (ECF No. 29-1)

14  between Plaintiffs and Defendant KTC Holding Company f/k/a The Kingdom Trust Company

15  ("KTC" or "Defendant") (including its exhibits), and the Declaration of Counsel in Support of

16  Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 29-2)

17  on October 30, 2025.[1] Having fully considered the  pleadings and requested relief, the court hereby

18  **GRANTS** the motion and **ORDERS** as follows:

19    1.        <u>**Class Certification for Settlement Purposes Only**</u>. The Settlement Agreement

20  provides for a Settlement Class defined as follows:

21        All individuals who were sent a notice of data breach letter from Defendant
        concerning the Data Incident discovered by Defendant on or around March 1, 2024.

22

23

24

25

26  ---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement (ECF No. 29-1), unless otherwise indicated.

1    The Settlement Class specifically excludes: Defendant KTC, any entity in which Defendant

2  has a controlling interest, and Defendant's officers, directors, legal representatives, successors,

3  subsidiaries, and assigns. Also excluded from the Settlement Class is any judge, justice, or judicial

4  officer presiding over this matter and members of their immediate families and their judicial staff.

5    Pursuant to Federal Rule of Civil Procedure 23(e)(1), the court finds that giving notice is

6  justified. The court finds that it will likely be able to approve the proposed Settlement as fair,

7  reasonable, and adequate. The court also finds that it will likely be able to certify the Settlement

8  Class for purposes of judgment on the Settlement because it meets all the requirements of Rule

9  23(a) and the requirements of Rule 23(b)(3). Specifically, the court finds for settlement purposes

10  that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would

11  be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c)

12  the claims of the Class Representative are typical of and arise from the same operative facts and the

13  Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the

14  Class Representative will fairly and adequately protect the interests of the Settlement Class as the

15  Class Representative has no interests antagonistic to or in conflict with the Settlement Class and

16  has retained experienced and competent counsel to prosecute this Litigation on behalf of the

17  Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate

18  over any questions affecting only individual members; and (f) a class action and class settlement is

19  superior to other methods available for a fair and efficient resolution of this Litigation.

20    2.    **Settlement Class Representative and Settlement Class Counsel**. The court

21  finds that the plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be

22  appointed as the Class Representatives. Additionally, the court finds that William B. Federman of

23  Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be

24  appointed as Class Counsel pursuant to Rule 23(g)(1).

25    3.    **Preliminary Settlement Approval**. Upon preliminary review, the court finds the

26  Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the

1  Settlement Class and accordingly is preliminarily approved. In making this determination, the court

2  has considered the monetary and non-monetary benefits provided to the Settlement Class through

3  the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the

4  good faith, arms' length negotiations between the Parties and absence of any collusion in the

5  Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class,

6  the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the

7  Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant

8  case law.

9       4.      **Jurisdiction.** The court has subject matter jurisdiction pursuant to 28 U.S.C.

10  § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this

11  District pursuant to 28 U.S.C. § 1391(b).

12       5.      **Final Fairness Hearing**. A Final Fairness Hearing will be held on <u>March 17, 2026</u>

13  <u>at 10:00 AM Pacific Time</u>, at 333 Las Vegas Blvd. South, Las Vegas, NV 89101, where the court will

14  determine, among other things, whether: (a) this action should be finally certified as a class action

15  for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be

16  approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e);

17  (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement

18  Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves

19  from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the

20  application of Class Counsel for an award of Attorney's Fees, Costs, and Expenses should be

21  approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for

22  Service Awards should be approved.

23       6.      **Claims Administrator**. The court appoints RG/2 Claims Administration LLC as

24  the Claims Administrator, with responsibility for class notice and settlement administration. The

25  Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The

26  Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.    <u>Notice</u>. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as exhibits are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the court.

8.    <u>Findings Concerning Notice</u>. The court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States. The court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.    <u>Exclusion from Class</u>. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class in accordance with the terms of the Settlement Agreement. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than **sixty days** after the Notice Deadline, as stated in the Notice. The Claims Administrator must

1 promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid

2 requests for exclusion (the "Opt-Out List").

3        If a Final Order and Judgment is entered, all Persons falling within the definition of the

4 Settlement Class who do not request to be excluded from the Settlement Class are bound by the

5 terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit

6 valid and timely notices of their intent to be excluded from the Settlement Class will not receive

7 any cash benefits of and/or be bound by the terms of the Settlement Agreement.

8        10.        **Objections and Appearances**. A Settlement Class Member (who does not submit a

9 timely written request for exclusion) desiring to object to the Settlement Agreement may submit a

10 timely written notice of his or her objection by the Objection Date and as stated in the Notice. The

11 Notice must instruct Settlement Class Members who wish to object to the Settlement Agreement to

12 send their written objections to the Claims Administrator at the address indicated in the Postcard

13 Notice and Long Notice. The Notice must advise Settlement Class Members of the deadline for

14 submission of any objections—the "Objection Date." Any such notices of an intent to object to the

15 Settlement Agreement must be written and must include all of the following: (a) the objector's full

16 name, address, telephone number, and e-mail address (if any); (b) information identifying the

17 objector as a Settlement Class Member, including proof that the objector is a member of the

18 Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (c) a written

19 statement of all grounds for the objection, accompanied by any legal support for the objection the

20 objector believes applicable; (d) a statement as to whether the objection applies only to the objector,

21 to a specific subset of the class, or to the entire class; (e) the identity of any and all counsel

22 representing the objector in connection with the objection; (f) a statement as to whether the

23 objector and/or his or her counsel will appear at the Final Fairness Hearing; (g) a list of all

24 settlements to which the objector and/or their counsel have objected in the preceding three (3)

25 years; and (h) the objector's signature and the signature of the objector's duly authorized attorney or

26 other duly authorized representative (along with documentation setting forth such representation).

1  To be timely, written notice of an objection must be postmarked by the Objection Deadline and

2  mailed to the designated Post Office box established by the Claims Administrator and mailed to the

3  clerk of the United States District Court for the District of Nevada, Las Vegas. It must also contain

4  the case name and docket number—*Kevin Meagher and Rebecca Dawson v. KTC Holding Company F/K/A The*

5  *Kingdom Trust Company*, Case No. 2:24-cv-01630-CDS-MDC.

6     Any Settlement Class Member who fails to comply with the requirements for objecting

7  waives and forfeits any and all rights he or she may have to appear separately and/or to object to the

8  Settlement Agreement and will be bound by all the terms of the Settlement Agreement and by all

9  proceedings, orders, and judgments in the Litigation. The provisions stated in the Settlement

10  Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to

11  the Settlement Agreement or the "Final Approval Order and Judgment" to be entered upon final

12  approval must be pursuant to appeal under the Federal Rules of Appellate Procedure and not

13  through a collateral attack.

14     11.     **Claims Process**. Settlement Class Counsel and Defendant have created a process for

15  Settlement Class Members to claim benefits under the Settlement. The court preliminarily

16  approves this process and directs the Claims Administrator to make the Claim Form or its

17  substantial equivalent available to Settlement Class Members in the manner specified in the

18  Notice.

19     The Claims Administrator will be responsible for effectuating the claims process.

20  Settlement Class Members who qualify for and wish to submit a Claim Form must do so in

21  accordance with the requirement and procedures specified in the Notice and the Claim Form. If

22  the Final Order and Judgment is entered, all Settlement Class Members who qualify for any

23  benefit under the Settlement but fail to submit a claim in accordance with the requirements and

24  procedures specified in the Notice and the Claim Form is forever barred from receiving any such

25  benefit, but will in all other respects be subject to and bound by the provisions in the Final Order

26  and Judgment, including the releases contained therein.

12.      **Termination of Settlement**. This Preliminary Approval Order becomes null and void and without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if (1) the court does not issue the Final Approval Order and Judgment; or (2) the Effective Date does not occur.

13.      **Use of Order**. This Preliminary Approval Order is of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and will not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor will this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

14.      **Continuance of Hearing**. The court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the court alters any of those dates or times, the revised dates and times must be posted on the Settlement Website maintained by the Claims Administrator. The court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15.      **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16.      **Schedule and Deadlines**. The court orders the following schedule of dates for the specified actions/further proceedings:

1

## SETTLEMENT TIMELINE

2

3

| Event | Deadline |
|---|---|
| KTC provides list of Settlement Class Members to the Claims Administrator | November 10, 2025 |
| Notice Deadline | December 3, 2025 |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards | January 20, 2026 |
| Objection Deadline | February 3, 2026 |
| Opt-Out Deadline | February 3, 2026 |
| Claims Deadline | March 3, 2026 |
| Final Fairness Hearing | March 17, 2026, at 10:00 a.m. |
| Motion for Final Approval | March 4, 2026 |

4

5

6

7

8

9

10

11

12

13

14

15        Dated: November 3, 2025

16

17                                               _____
                                                 Cristina D. Silva
                                                 United States District Judge
18

19

20

21

22

23

24

25

26